UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| BRADLEY A. ESTABROOK, | |
|---|---|
| Plaintiff, | |
| v. | CAUSE NO.: 1:16-CV-87-HAB |
| MAZAK CORPORATION, | |
| Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Mazak Corporations' Motion for Recusal of Judge [ECF No. 112], filed on September 3, 2019. Defendant requests that the undersigned recuse herself from this case pursuant to 28 U.S.C. § 455(a) because her impartiality might reasonably be questioned on the basis of a previous professional relationship with Plaintiff's counsel.

Pursuant to 28 U.S.C. § 455(a) a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Defendant submits that this objective standard is satisfied in this case because Plaintiff is represented by Theisen & Associates, LLC, and one of the lawyers appearing in the case is John C. Theisen. Plaintiff notes, correctly, that the course of the undersigned's professional career has intersected with Attorney Theisen's. In particular, the undersigned began her legal career in 1994 as an associate in the law firm where Attorney Theisen was a named partner. The undersigned's association with that firm ended in 1998. Then, from 2002 to 2007 both the undersigned and Attorney Theisen were named partners in the firm of Theisen, Bowers

& Brady. Defendant claims that this relationship would cause an objective, disinterested observer to entertain doubts that the relationship could be disregarded.

When making a determination under § 455(a), the court considers whether an "astute observer" in either the legal or the lay culture "would conclude that the relation between the judge and lawyer (a) is very much out of the ordinary course, and (b) presents a potential for actual impropriety if the worst implications are realized." *United States v. Murphy*, 768 F.2d 1518, 1537 (7th Cir. 1985). The question of whether conduct presents the appearance of impropriety, however, is not reached "[u]nless the conduct is substantially out of the ordinary." *Id.*

The undersigned was appointed to the bench earlier this year. It has been twelve years since she was business and legal partners with Attorney Theisen. Since that association, and up until her appointment to the judiciary, she has been a partner in an entirely different firm. That the undersigned began her career as an associate in a law firm where Attorney Theisen was one of the named partners, and later joined in partnership with Attorney Theisen is not out of the ordinary, or unusual. Most people, in either the lay or legal communities, would not be surprised to learn of these associations existing in Fort Wayne, Indiana—a relatively small legal community. *Cf. Murphy*, 768 F.3d at 1538 ("Most people would be greatly surprised to learn that the judge and the prosecutor in a trial of political corruption had secret plans to take a joint vacation immediately after trial."). Indeed, every judge who comes to the bench does so with previous experience, most of it in close connection with other members of the local bar.

> In today's legal culture friendships among judges and lawyers are common. They are more than common; they are desirable. A judge need not cut himself off from the rest of the legal community. Social as well as official communications among judges and lawyers may improve the quality of legal decisions. Social interactions also make service on the bench, quite isolated as a rule, more tolerable to judges. Many well-qualified people would hesitate to become judges if they knew that wearing the robe meant either discharging one's friends or risking disqualification in substantial numbers of cases. Many courts therefore have held that a judge need not disqualify himself just because a friend—even a close friend—appears as a lawyer.

*Id.* at 1537 (citing cases).

In support of the presider's recusal, Defendant references guidance set forth in an Advisory Opinion from the Judicial Conference's Committee on Codes of Conduct for Judges and Judicial Employees. Defendant notes that a two year "cooling off period" is suggested when a newly-appointed judge withdraws from private practice and is faced with hearing cases involving that firm. Defendant suggests, however, that an even longer period of disqualification is necessary in this case based on the level of the previous relationship. Nothing in Advisory Opinion 24 dictates, nor even suggests, that recusal is appropriate in this case. One of the factors cited—the length of time since the judge left the law firm—suggests quite the opposite. To accept Defendant's position would be to impose a life-time ban on Attorney Theisen's practice before this Court, needlessly impacting his federal court practice in the city where his firm is located, and imposing duties on judges outside of this division to preside over a Fort Wayne case.

It is precisely for these reasons that furthering the efficient administration of justice imposes a duty on a judge with neither a conflict nor an appearance of impartiality *not* to recuse. *See In re United States*, 572 F.3d 301, 308 (7th Cir. 2009) ("Of course, needless

recusals exact a significant toll; judges therefore should exercise care in determining whether recusal is necessary, especially when proceedings already are underway."). Here, the relationship is not out of the ordinary and no reasonable person would perceive a significant risk that the judge will resolve the case on a basis other than the merits.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant Mazak Corporations' Motion for Recusal of Judge [ECF No. 112].

SO ORDERED on September 11, 2019.

s/ <i>Holly A. Brady</i><br>
JUDGE HOLLY A. BRADY<br>
UNITED STATES DISTRICT COURT